70 F.3d 129
 Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jack SCHLECKER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 95-3627.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1995.
 
 Before RICH, MAYER, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Jack Schlecker petitions for review of the final decision of the Merit Systems Protection Board, Docket No. PH0752950082-I-1, dismissing his appeal as untimely filed and beyond the board's jurisdiction because he voluntarily resigned. Because the board did not err in determining either that Schlecker failed to show good cause for his delay in filing his petition for review or that it lacked jurisdiction, we affirm.
 
 DISCUSSION
 
 2
 The Department of the Navy (agency) employed Schlecker as a Mechanical Engineering Technician at the Naval Surface Warfare Center in Philadelphia, Pennsylvania. In November 1993, the agency offered $25,000 lump-sum cash incentives to select employees who voluntarily retired or resigned. Schlecker accepted the offer and resigned effective January 4, 1994.
 
 
 3
 Approximately eleven months later, Schlecker filed an appeal contending that his resignation was involuntary because he lacked the capacity to make a rational decision at the time of his resignation. In response, an Administrative Judge (AJ) issued an Acknowledgement Order notifying Schlecker that his appeal was untimely and that he had the burden of establishing good cause to waive the timeliness regulation. See 5 C.F.R. Sec. 1201.12 (1994). Schlecker responded by submitting a statement from a psychologist, Dr. Cohen, outlining discussions he had with Schlecker before his resignation. At a subsequent hearing on jurisdiction, Dr. Cohen testified that Schlecker did not timely file an appeal because he was preoccupied with operating a new franchise business that subsequently failed within three months after it opened. Schlecker further testified that he was unaware of the time limit for filing an appeal.
 
 
 4
 In an initial decision on March 2, 1995, the AJ held that Schlecker presented "no evidence that there were circumstances beyond his control which affected his ability to comply with the time limits." Moreover, the AJ found that Schlecker failed to rebut the presumption that his resignation was voluntary. In particular, the AJ found the evidence of Schlecker's mental incapacity at the time of his resignation to be "minimal." Thus, the AJ dismissed his appeal. The AJ's initial decision became the final decision of the board when it denied Schlecker's petition for review on June 16, 1995. See 5 C.F.R. Sec. 1201.113(b) (1994).
 
 
 5
 Our review of a board decision is limited to determining whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). Further, a determination that the board lacks jurisdiction is a question of law, which we review de novo. Forest v. Merit Sys. Protection Bd., 47 F.3d 409, 410 (Fed.Cir.1995).
 
 
 6
 On appeal, Schlecker argues that his resignation was a direct result of duress, coercion, and misrepresentations by the agency. He further asserts that he was incapable of making a rational decision when he accepted the offer to resign. Moreover, he argues that the board, in making its decision, ignored important documents and testimony, including his exit interview, letters and testimony from Dr. Cohen, his personnel action forms, and his lawyer's petition for review.* We disagree.
 
 
 7
 A resignation from federal employment is generally presumed to be a voluntary action and thus not appealable to the board. Latham v. United States Postal Serv., 909 F.2d 500, 502 (Fed.Cir.1990). A resignation will be found to be involuntary, however, when it is the result of mental incompetency, or agency action constituting duress, time pressure, misrepresentation, or deception. Scharf v. Department of the Air Force, 710 F.2d 1572, 1574 (Fed.Cir.1983). The employee bears the burden of proving by preponderant evidence that the resignation was involuntary. See Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987).
 
 
 8
 Here, the AJ carefully considered the evidence, including the documents and testimony that Schlecker alleges the AJ ignored. Based upon the evidence, the AJ made factual findings and credibility determinations that support his decision that Schlecker's resignation was voluntary. In particular, the AJ found that Dr. Cohen failed to provide a medical basis to support Schlecker's claim that he was irrational when he resigned. Moreover, the testimony of the agency's witnesses and Schlecker's own testimony that he had been contemplating opening his own business for over a year prior to his resignation support the AJ's determination that Schlecker's resignation was voluntary.
 
 
 9
 Moreover, the board did not abuse its discretion in finding that Schlecker failed to show good cause for his delay in filing his appeal. Although Schlecker's circumstances certainly were stressful, the board did not err when it determined, after considering the relevant facts, that Schlecker failed to exercise due diligence in filing his appeal.
 
 
 
 *
 In his brief, Schlecker does not address the timeliness issue. He merely argues that his resignation was involuntary